Roscoe **FOWLER**, Appellant,

v.

**VIMCAR SALES COMPANY**, Victor M. Carter and Morris J. Halopoff, Appellees.

No. 13490.

United States Court of Appeals Ninth Circuit.

Oct. 11, 1954.

Fulwider, Mattingly & Babcock, Robert W. Fulwider, Los Angeles, Cal., for appellant,

Vernon D. Beehler, Huebner, Beehler, Worrel & Herzig; Benjamin J. Goodman, Los Angeles, Cal., for appellee.

Before STEPHENS and CHAMBERS, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge.

This is an appeal from final judgment of the United States District Court for the Southern District of California, Central Division, dismissing appellant's complaint.

The record in this case shows that Appellant Fowler is the holder of United States letters patent No. 2,516,196 and as set out in the findings of the trial Court, the record shows that the subject matter of the letters patent is an adjustable overhead door hinge employed primarily for overhead garage doors and consisting of a pair of hinges, each incorporating a bracket for attachment to the door jamb, a master arm pivoted at its mid-portion to the bracket, and at one end of an angle iron or siderail on the door, a cantilever arm pivoted at one end of the bracket and at its other end to a gusset plate attached to the siderail on the door, the cantilever arm being extendible for adjustment, and there being a counterbalancing spring attached at the end of the main arm remote from the door and attached to the doorjamb, below the plate.

Appellant Fowler is in the business of manufacturing and selling overhead door hardware under the firm name of Sturdee Steel Products Company, and for some time his hardware was known in the trade as Sturdee. In 1949 he started manufacturing the jamb type hardware disclosed and claimed in the patent in suit under the name of Econo-Jamb. He is still manufacturing and selling said hardware as Sturdee Econo-Jamb Hardware.

Appellee Vimcar Sales Company was engaged in a general merchandising business. In the course of this business it sold hardware products manufactured by others but sold under defendant Vimcar's trademark. Among the products so sold and distributed by Vimcar were overhead garage doors and garage door hardware.

Appellee Victor M. Carter is the President, General Manager and sole stock-

holder of the defendant Vimcar Sales Company.

Appellee Halopoff was engaged in the manufacture of Garage door hardware and had been for some time before his acquaintance with anyone connected with the Vimcar Sales Company. In the manufacture of what is termed adjustable jamb type hardware, defendant Halopoff used the best features of at least three different sets of hardware, including the "Sturdee" and used the same approach in working up a set of hardware as did the Appellant Fowler.

In 1947 Vimcar Sales Company was selling jamb type hardware manufactured by a Company known as Tavart Company and in 1949 started purchasing from the Appellant his Econo-jamb hardware which embodies the alleged invention of the patent in suit. Late in 1949 or early in 1950 an employee of Vimcar contacted appellee Halopoff concerning the manufacturing of jamb type hardware for Vimcar. Vimcar furnished to Halopoff a set of appellant's hardware and thereafter Halopoff manufactured jamb type hardware for Vimcar which was sold and distributed by Vimcar under its trademark.

Appellees admitted on the trial that there is no essential difference between appellant's hardware and the hardware manufactured by Halopoff and distributed by Vimcar.

Vimcar procured from appellant illustrations of and instructions concerning appellant's hardware and used the same in connection with the sale of hardware purchased from Halopoff after it ceased doing business with appellant.

In 1950, after Vimcar ceased doing business with the appellant it was notified by letter of the pendency of appellant's patent application, and of the fact that the Halopoff hardware being substantially identical with that of appellant, would infringe the patent which appellant expected to issue soon. Later the appellees were notified of the issuance of the patent and appellees were offered a license thereunder. Defendant did not take a license.

Appellant instituted an action in the District Court against the appellees jointly, alleging infringement of U S letters patent No. 2,156,196 granted July 25, 1950, also alleging conspiracy and unfair competition, seeking an injunction and accounting for profits and damages for said infringement and treble damages. The complaint contains two causes of action.

Appellees in their answer denied infringement but it appears from the record before this Court that they did not contest this question at the trial, so we will consider first the validity of the patent.

There was considerable testimony concerning the issuance of a number of patents covering garage door hardware, some of which were the so called jamb type. One of such patents was to the appellant Fowler and a Mr. Earl F. Murphy, which was applied for some three years prior to the patent in suit. The evidence also covered the matter of prior publications illustrating numerous examples of overhead garage door hardware, and prior use of such hardware, all of which was considered by the trial Court and a finding made.

The difference disclosed and claimed by appellant Fowler in Patent No. 2,516,196 over the prior art is so trivial and insignificant that it may be said to be the work of a skilled mechanic and not worthy of being classed as an invention. We feel the following is applicable here.

"The new device, however useful it may be, must reveal the flash of creative genius not merely the skill of the calling. If it fails, it has not established its right to a private grant on the public domain." Cuno Engineering Corp. v. Automatic De-

vices Corp., 314 U.S. 84, 62 S.Ct. 37, 41, 86 L.Ed. 58.

"An improvement to an apparatus or method, to be patentable, must be the result of invention, and not the mere exercise of the skill of the calling or an advance plainly indicated by the prior art." Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477–487, 55 S.Ct. 455, 458, 79 L.Ed. 1005.

A number of prior art users manufactured, sold and used adjustable jamb type garage door hardware which was the same or substantially the same as the hardware of the patent at a prior date to any alleged invention of the patent in suit, and these prior art users were apparently not considered by the Patent Office when the patent in suit was issued. Had there been any such consideration it is quite obvious from the evidence submitted to the trial Court that the patent would not have issued.

There being no valid patent there could be no infringement and we so hold.

We find nothing in the record as to any dealings between the defendants Carter, Vimcar Sales Company and Halopoff which would in any way indicate a conspiracy. Vimcar Sales Company purchased Garage door hardware from various manufacturers and sold the same under its own trademark,—in fact, had purchased such hardware from the appellant and prior to that had purchased similar hardware from Tavart Company, selling and distributing it all under the Vimcar trademark.

There is some testimony in the record that Vimcar used appellant's literature or very similar literature to advance appellee Vimcar's sales but this cannot be said to be a conspiracy against appellant.

From a careful study of the record we fail to find any evidence to substantiate the allegation of unfair competition.

The judgment of the trial Court is affirmed.